UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-99-C |
| | ) | |
| 1. GARY WEDEL, | ) | |
| | ) | |
| Defendant. | ) | |

# **COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF**

The United States of America on behalf of its agency, the United States Department of Agriculture, Packers & Stockyards Adminstration (hereinafter United States or Plaintiff), for its cause of action against the Defendant, Gary Wedel, alleges as follows:

1. This is a civil action brought by the United States for the recovery of penalties and to obtain an injunction under the Packers and Stockyards Act, 1921, as amended and supplemented (7 U.S.C. § 181 et. seq.)(the Packers and Stockyards Act or the Act).

2. Jurisdiction for this action is conferred on this Court by Section 315 of the Act (7 U.S.C. § 216) and 28 U.S.C. §§ 1345 and 1355.

3. Defendant is an individual residing in Cordell, Washita County, Oklahoma, and is within proper venue and jurisdiction of this Court.

4. At all times material, the Defendant was engaged in the business of a dealer buying and selling livestock in commerce.

1

5. As a dealer under the Act, the Defendant is required to register with the Secretary of Agriculture (the Secretary) and to file and maintain a bond or bond equivalent in an amount set by 7 C.F.R. § 201.30.

6. By the Default Decision and Order of the Secretary issued on October 8, 2015, *In re: Gary Wedel,* Docket No. 15-0110 P&S, a copy of which is attached hereto as Exhibit 1, the Defendant was found to have willfully violated Section 312(a) of the Act (7 U.S.C. § 213(a)) by engaging in operations subject to the Act without maintaining an adequate bond or bond equivalent.

7. The Default Decision and Order of the Secretary ordered the Defendant, *inter alia* to "cease and desist from engaging in business in any capacity for which a bond is required under the Act and regulations without first becoming properly registered under the Act as required by 9 C.F.R. § 210.10(a), and without filing and maintaining an adequate bond or its equivalent pursuant to section 312(a) of the Act (7 U.S.C. § 213(a)) and 9 C.F.R. §§ 201.29 and 201.30." The Defendant was also "prohibited from operating in any capacity that is subject to the Act and regulations…until such time as the civil penalty is paid, and he becomes properly registered and bonded pursuant to the Act and regulations" and was assessed a civil penalty in the amount of four thousand dollars ($4,000.00).

8. The Default Decision and Order became final and effective on January 18, 2016. Since then, the Defendant has not paid the four thousand dollar ($4,000) civil penalty.

9. In violation of Sections 303 and 312(a) of the Act and the Default Decision and Order of the Secretary, the Defendant knowingly and unlawfully continued to engage in the business of buying and selling livestock in commerce without registering with the Secretary and without maintaining an adequate bond or bond equivalent as required by the Act and regulations.  Specifically, during the period from February 5, 2016, through April 29, 2016, the Defendant purchased 10,604 head of livestock for a total purchase price of $11,154,557.72 in 99 different transactions.  The Defendant subsequently re-sold some of these livestock to various third parties.

10. The United States further alleges the Defendant continues and, unless enjoined, will further continue to operate as a dealer in violations of the terms of the Default Decision and in violation of the Act and the regulations promulgated thereunder. This allegation is supported by the fact that between February 5, 2016, and April 29, 2016, the Defendant knowingly and unlawfully engaged in the business of purchasing and selling livestock as a dealer which is subject to the Act and its regulations without first registering with the Secretary and obtaining an adequate bond or bond equivalent, as required by the Act, regulations, and the Default Decision.

11. Because of the violations, the Defendant is now subject to civil monetary penalties in the form of forfeitures authorized by Sections 3030 and 314(a) of the Act (7 U.S.C. § § 203 and 215(a)).

12. The forfeiture amount under Section 303 of the Act is $750 for each offense and $37.50 for each day the offense continues.

13. The forfeiture amount under Section 314(a) of the Act is $750 per day in the cause of continuing violations.

14. The United States of America respectfully prays this Court enter judgment in its favor and against Defendant as follows:

    A. Defendant engaged in the business of purchasing and selling livestock as a dealer without being registered with the Secretary and without filing and maintaining an adequate bond or its equivalent, in violation of the Default Decision and Order of the Secretary from February 5, 2016, through April 29, 2016.  During this time period, the Defendant knowingly and unlawfully purchased livestock in violation of the aforementioned order of the Secretary made under Section 312(a) of the Act in 99 different transactions and sold livestock in violation of the same and additional dates included in the aforementioned dates, for a total number of 84 violations days.

    B. A permanent injunction should be issued pursuant to the Act, specifically including 7 U.S.C. § 216, to enforce the Default Decision and Order of the Secretary issued against the Defendant on October 8, 2015, requiring him to cease and desist from purchasing and selling livestock without registering with the Secretary and without filing and maintaining a bond or its equivalent in accordance with the Act and regulations.

C. That civil monetary penalties in the form of forfeitures be assessed against the Defendant pursuant to Section 314(a) of the Act due to his knowing and unlawful purchases and sales of livestock in violation of Section 312(a) of the Act and the aforementioned Order of the Secretary. The forfeiture amount under Section 314(a) of the Act is $750 per day in the cause of continuing violations, for a total of $63,000 (84 days x $750).

D. That civil monetary penalties in the form of forfeitures be assessed against the Defendant pursuant to section 303 of the Act due to his knowing and unlawful purchases and sales of livestock in violation of that section of the Act. The forfeiture amount under Section 303 of the Act is $750 for each offense and $37.50 for each day it continues, for a total of $3,862.50 ($750 + (83 x $37.50)).

E. That Defendant be ordered to pay the $4,000 civil penalty that was assessed against him in the Default Decision and Order of the Secretary.

F. To all other relief which the United States may be entitled.

Respectfully submitted,

ROBERT J. TROESTER
FIRST ASST. UNITED STATES ATTORNEY

*/s/ Daniel J. Card*
DANIEL J. CARD
OBA No. 30034
Assistant U.S. Attorney
United States Attorney's Office
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
(405) 553-8745/ 8700 - (fax) 553-8885
daniel.card@usdoj.gov

USDA
OALJ/OHC
2015 OCT -8 PM 12:02
RECEIVED

UNITED STATES DEPARTMENT OF AGRICULTURE
BEFORE THE SECRETARY OF AGRICULTURE

Docket No. 15-0110 P&S

In re:

GARY WEDEL,

        Respondent.

### DECISION WITHOUT HEARING BY REASON OF DEFAULT

The instant matter involves allegations by the Deputy Administrator, Packers and Stockyards Programs, Grain Inspection, Packers and Stockyards Administration ("GIPSA") of the United States Department of Agriculture ("USDA"; "Complainant") that Gary Wedel ("Respondent") violated provisions of the Packers & Stockyards Act, 1921, as amended and supplemented, 7 U.S.C. §181 et seq. ("the Act").

### I.   Procedural History

On May 6, 2015, Complainant filed a complaint against Respondent with the Hearing Clerk, Office of Administrative Law Judges ("OALJ"; "Hearing Clerk"). On May 7, 2015, the Hearing Clerk sent the complaint to Respondent by regular and certified mail, and informed Respondent that an Answer should be filed pursuant to the Rules of Practice Governing Formal Adjudications before the Secretary of USDA ("the Rules"). The certified mail was returned as unclaimed, and on June 17, 2015, the complaint was resent to Respondent by regular mail. The regular mail was not returned as undeliverable.

On July 17, 2015, I issued an Order directing Respondent to show cause why a decision on default should not be entered against him. The Order was served on Respondent by regular mail. On July 21, 2015, Complainant filed a motion for a decision and Order on default and a proposed Order on default. The motion was served on Respondent by certified mail on July 24,

1

Exhibit 1 -
USDA
Secretary's
Default Order

2015. The certified mail was not returned as undeliverable or unclaimed, and was resent by regular mail, which was not returned.

Respondent has not filed an answer to the complaint, nor responded to my Order to show cause or Complainant's motion for default.

## II. Regulatory Authority

Pursuant to the Rules of Practice, a respondent is required to file an Answer within twenty (20) days after service of a Complaint. 7 C.F.R. § 1.136(a). The Rules of Practice also provide that an Answer "shall . . . [c]learly admit, deny, or explain each of the allegations of the Complaint and shall clearly set forth any defense asserted by the respondent." 7 C.F.R. § 1.136(b)(1). The failure to timely file an Answer or failure to deny or otherwise respond to an allegation proffered in the Complaint shall be deemed admission of all the material allegations in the Complaint; in such situation, default shall be appropriate. 7 C.F.R. § 1.136(c).

Additionally, the Rules of Practice prescribe that, when computing the time permitted for a party to file a document or other paper, Saturdays, Sundays, and Federal holidays are to be included except when the time expires on one of those days; should such situation occur, the time period shall be extended to include the next business day. 7 C.F.R. § 1.147(h). The Rules of Practice also state that a document sent by the Hearing Clerk "shall be deemed to be received by any party to a proceeding . . . on the date of delivery by certified or registered mail. . ." 7 C.F.R. § 1.147(c)(1).

The Rules of Practice further provide that "[t]he failure to file an answer ... shall constitute a waiver of the hearing. Upon such . . . failure to file, complainant shall file a proposed decision along...Within 20 days after service of such motion and proposed decision, the respondent may file with the Hearing Clerk objections thereto." 7 C.F.R. § 1.139.

2

### III. DISCUSSION

1. <u>Whether Entry of Decision by Reason of Default Without Hearing Is Appropriate</u>

The record here reflects that the complaint was sent by certified mail to Respondent's known address and was not claimed. The complaint was sent by regular mail twice, and neither mailing was returned as undeliverable. No answer was filed. I issued an Order that was sent by regular mail that was not returned. Respondent failed to respond to my Order to show cause why default should not be entered. Complainant's motion was sent by certified and regular mail, neither of which mailings were returned. Respondent failed to respond to Complainant's motion for entry of a decision and Order by reason of default.

Accordingly, I find that the Complaint was served upon the Respondent, and Respondent failed to file an answer. Therefore, pursuant to 7 C.F.R. § 1.136(c), Respondent is deemed to have admitted the allegations set forth in the Complaint, and entry of default is appropriate. See 7 C.F.R. §§ 1.136(c), 1.139. I find that Respondent has admitted the gravamen of Complainant's allegations, thereby obviating the need for a hearing in this matter. The material allegations of the Complaint are thus adopted as findings of fact. I further find it appropriate to enter a decision on the record by reason of default. This Decision and Order is issued pursuant to section 1.139 of the Rules of Practice (7 C.F.R. § 1.139).

2. <u>Sanctions</u>

I find that by failing to answer the complaint, failing to respond to my Order, and failing to object to Complainant's motion for default, Respondent has admitted to the allegations of the complaint. Accordingly, I find that Complainant's proposed sanctions in this case are warranted.

The Department's sanction policy is set forth in *S.S. Farms Linn County, Inc.*, (Decision as to James Joseph Hickey & Shannon Hansen), 50 Agric. Dec. 476 (U.S.D.A. 1991), aff'd,

991 F.2d 803, 1993 WL 128889 (9th Cir. 1993) (not to be cited as precedent under 9th Circuit Rule 36-3), and provides that appropriate weight should be given to the recommendations of the administrative officials charged with the responsibility for achieving the congressional purpose of the Act. *S.S. Farms Linn County, Inc.*, 50 Agric. Dec. at 497. "In assessing penalties, the Secretary is required to give due consideration to the size of the business involved, the gravity of the violation, the person's good faith, and the history of previous violations" *Roach*, 51 Agric. Dec. 252, 264 (U.S.D.A. 1992); 7 U.S.C. § 213(b). The purpose of assessing sanctions is not to punish violators but to deter future similar behavior by the violator and others. *Zimmerman*, 57 Agric. Dec. 1038, 1998 WL 799196, at *16 (U.S.D.A. 1998).

By letter dated July 6, 2009, GIPSA notified Respondent of his obligation to apply for registration under the Act and to obtain adequate bonding or bond equivalent. The letter also advised that if Respondent engaged in business regulated by the Act, then Respondent would be subject to disciplinary action. Respondent failed to register under the Act and failed to secure a bond or bond equivalent as required to engage in the business of buying and selling livestock in interstate commerce.

During the period from October 11, 2013, through October 28, 2013, Respondent was engaged in the business of a dealer buying or selling livestock in commerce and as a market agency buying or selling livestock in commerce on a commission basis without being registered with the Secretary, USDA, and without maintaining an adequate bond or bond equivalent. During the period from October 11, 2013, through November 7, 2013, in approximately seven (7) transactions involving a total of 8 head of livestock for the total purchase price of $8,026.60, Respondent engaged in the business of a dealer buying or

selling livestock in commerce and as market agency buying or selling livestock in commerce on a commission basis without being registered with the Secretary price.

Complainant contends that Respondent's activities constitute willful violations of the Act and regulations, as they represent intentional acts, or conduct that was undertaken with careless disregard of statutory or regulatory requirements. I find substantial grounds for that conclusion.

The gravity of the offenses enumerated in the complaint warrant the issuance of a cease and desist Order, as well as an assessment of a civil money penalty pursuant to 7 U.S.C. § 312(b) of the Act. USDA had assessed the size of Respondent's business and determined that Respondent obtain the minimum bond in the amount of $4,000.00. Respondent failed to do so, and considering the potential impact on others compared with the relatively low cost of the bond, the failure to obtain the bond or bond equivalent is grave.

The Act authorizes the assessment of not more than $11,000.00 for each violation of the Act. 7 U.S.C. § 213(b). USDA considered the ability of the Respondent to continue in business when recommending a civil penalty of $4,000.00. I find that the requested civil penalty is appropriate. I also find good cause to prohibit Respondent from registering to do business under the Act, and from engaging in any activities for which registration is required until the Respondent demonstrates that he has an adequate bond or bond equivalent, and that he is fully compliant with the Act, and has paid the civil penalty.

## IV. FINDINGS OF FACT

1. Respondent is an individual who at all times material herein was engaged in the business of a dealer buying or selling livestock in commerce and a market agency buying or selling livestock on a commission basis in commerce.

2. On August 18, 2009, Respondent received from GIPSA a Notice of Default of Registration/Bonding dated July 6, 2009.

3. Respondent was involved in 5 transactions involving the purchase of 113 heard of livestock from Elk City Livestock for a total purchase price of $91,977.03, with a commission of $343.68 during the period from October 11, 2013, through October 28, 2013, and was not registered with the Secretary and had not maintained an adequate bond or bond equivalent.

4. Respondent engaged in approximately 7 transactions involving the purchase of 8 head of livestock for a total purchase price of $8,026.60 from Elk City Livestock and Apache Auction during the period from October 11, 2013, through November 7, 2013, without being registered with the Secretary and without maintaining an adequate bond or bond equivalent.

### III.   CONCLUSIONS OF LAW

1. The Secretary has jurisdiction in this matter.
2. Respondent willfully violated the Act and regulations by engaging in activity subject to the Act without a bond or bond equivalent.
3. Respondent violated the Act and regulations by failing to register with the Secretary.
4. Respondent's violations of sections 312(a) (7 U.S.C. §§ 213(a)) and sections 201.29 and 201.30 of the regulations set forth at 9 C.F.R. §§ 201.29 and 201.30) support the imposition of sanctions.

### ORDER

Respondent Gary Wedel, his agents, and employees, directly or indirectly through any corporate or other device, in connection with operations subject to the Packers and Stockyards Act, shall cease and desist from engaging in business in any capacity for which a bond is required under the Act and regulations without first becoming properly registered under the Act

as required by 9 C.F.R. § 210.10(a), and without filing and maintaining an adequate bond or its equivalent pursuant to section 312(a) of the Act (7 U.S.C. § 213(a)) and 9 C.F.R. §§ 201.29 and 201.30.

Respondent Gary Wedel is prohibited from operating in any capacity that is subject to the Act and regulations, either individually or through any corporate or other device, until such time as the civil penalty is paid, and he becomes properly registered and bonded pursuant to the Act and regulations.

Respondent Gary Wedel is assessed a civil penalty in the amount of four thousand dollars ($4,000.00), pursuant to 7 U.S.C. § 213(b). The civil penalty shall be made by certified check or money order payable to **"Treasurer of the United States" and sent to USDA GIPSA, P.O. Box 790335, St. Louis, Missouri 63179-0335.**

This Order shall have the same effect as if entered after a full hearing.

Pursuant to the Rules, this Decision and Order shall become final and effective without further proceedings 35 days after the date of service upon Respondent, unless it is appealed to the Judicial Officer by a party to the proceeding within thirty (30) days after service, pursuant to the Rules, 7 C.F.R. §§1.139 and 1.145.

Copies of this Decision and Order shall be served upon the parties by the Hearing Clerk.

So ORDERED this 8th day of October, 2015 at Washington, D.C.

*Janice K. Bullard*
Janice K. Bullard
Administrative Law Judge

7

13

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
1. UNITED STATES OF AMERICA

## DEFENDANTS
1. GARY WEDEL

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: OKLAHOMA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DANIEL J. CARD Assistant U.S. Attorney, 210 Park Avenue, Suite 400
Oklahoma City, OK 73102  405-553-8745/8700  OBA #30034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | ☐ 862 Black Lung (923) | |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
7 USC Section 181, et seq.
Brief description of cause:
Violations of Packers & Stockyards Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ 66,862.50
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 02/01/2019
SIGNATURE OF ATTORNEY OF RECORD: s/ Daniel J. Card, OBA 30034

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE